Clingan v. Railroad.

J. K. CLINGAN v. E. T., VA. & G. R.R. Co. ·

SPECIAL JURY.  *Judge may designate.*  This court will not reverse because the Circuit Judge ordered a special jury to try the cause, although no special reasons be shown for his action.  It is not error for the judge to designate the names of the special jurors.  Code, 3993–3997.

FROM BRADLEY.

Appeal in error from the Circuit Court of Bradley county.  J. B. HOYLE, J.

R. M. EDWARDS and T. M. OSMENT for Clingan.

J. H. GAUT and P. B. MAYFIELD for Railroad.

McFARLAND, J., delivered the opinion of the court.

This action was to recover the value of a horse killed by the defendant's road; verdict and judgment for the defendant.  The plaintiff's motion for new trial being refused, he took a bill of exceptions and appealed in error.

The first error assigned is, that the court below, upon defendant's motion and over the plaintiff's objection, ordered the empanneling of a special jury. Sec. 4029 of the Code is as follows: "On motion of either party in any civil action, a special jury may be ordered and summoned if, in the opinion of the court, it is proper, the additional cost to be taxed to the losing party."

It is argued that this section only contemplates

Clingan *v.* Railroad.

the ordering of a special jury in cases of extraordinary character, that is where questions of skill, experience, or knowledge of some particular act or business are involved, or where the case is of unusual importance or difficulty, and that this is not a case of that character. The section in question gives no rule by which the discretion of the Circuit Judge is to be governed, except that he may order the jury if in his opinion it is proper to do so. We know of no principle upon which we can revise his discretion in the matter, especially as the statute lays down no rule by which the court is to be governed. We must take it that the jury summoned were good and lawful men. A special jury may be fairly assumed to be, to say the least of it, in all respects equal to an ordinary jury, and not subject to any just exception upon the part of the plaintiff. It does not seem that it would serve any good purpose to reverse the cause and send it back to be tried by another jury, which could certainly be no more competent or impartial than we must take this one to have been. The reasons upon which the judge acted are not distinctly shown. It appears, however, that there had been two mistrials and one verdict for the plaintiff, and at the last trial the defendant applied for a change of venue, supported by affidavits, showing the existence of prejudice against the defendant.

The application for change of venue was refused, but the motion for a special jury allowed, and it was probably intended by the Circuit Judge to avoid the effect of the supposed prejudice, if any existed; at any

rate, the statute gave him the discretion to order the jury, and we cannot control his action. The next objection is, that the judge designated the jurors instead of leaving this to the sheriff.

Sec. 3997 of the Code is as follows: "So also when special juries are allowed by law, the sheriff shall summon the jurors from the body of the county in the manner prescribed in sec. 3993." Sec. 3993 provides that "if the county court fail to nominate, or the persons nominated fail to attend, the *court shall designate* other good and lawful men, and direct the sheriff to summon them as jurors, and the persons so summoned shall act as such." This section clearly gives the judge the power in the given case to designate the jurors, and as section 3997 provides that the special jurors shall be summoned in the same manner as provided in sec. 3993, it follows that the judge had the power to designate the special jurors. We had this question very ably argued at Jackson a few years since, and the danger of allowing a circuit judge to select jurors was earnestly pressed upon us, but we held that the judge might designate the jurors when completing a pannel from the by-standers under sec. 4030 of the Code, and that the purity of the jury box was as safe in the hands of a circuit judge as a sheriff. The question is one of power, and if the law devolved the duty upon one officer alone, it could not be exercised by the other. We are, however, satisfied with our holding, and the conclusion is strengthened by sec. 4000 of the Code, which authorizes the court to punish the sheriff for contempt for knowingly

selecting incompetent or exceptional jurors, showing that in the mere matter of determining the persons who shall serve as jurors, the sheriff is not superior to the judge.

We have also been furnished with an earnest argument to show that the evidence set out in the bill of exceptions does not sustain the verdict, but under the rule applicable in this court it is manifest that the verdict is sustained.

It is finally argued that it was error to charge the plaintiff with the costs of the special jury; that this part of the act is unconstitutional, but we have held otherwise.

The judgment will be affirmed.